UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ATLANTIC SPECIALTY INSURANCE COMPANY, a New York company; MARKEL AMERICAN INSURANCE COMPANY, a Virginia corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>MATT GODDEN, an individual; HARLEY FRANCO, an individual; HMS PARTNERS, LLC, a Washington Limited Liability Company,<br><br>Defendants. | No. 2:21-cv-1244<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiffs Atlantic Specialty Insurance Company ("Atlantic Specialty") and Markel American Insurance Company ("MAIC") allege as follows:

## I. <u>NATURE OF THE ACTION</u>

1.      Plaintiffs Atlantic Specialty and MAIC seek a declaratory judgment that Atlantic Specialty does not have a duty to defend and pay loss to Matt Godden in relation to certain claims in the action captioned *Harley Franco, et al. v. Macquarie Capital (USA) Inc., et al.*, Case No. 18-2-16360-9 SEA (King County Superior Court, Washington) (hereafter "2018 Action").

//

//

Complaint for Declaratory Judgment – 1

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

3043951 / 734.0001

## II.  PARTIES

1.      Plaintiff Atlantic Specialty is a New York company, with its principal place of business in Minnesota.  At all relevant times, Atlantic Specialty is, and was, authorized to conduct business in the state of Washington.

2.      Plaintiff Markel American Insurance Company is a Virginia corporation with its principal place of business and center of operations at 4521 Highwoods Parkway, Glen Allen, Virginia 23060, which is authorized to conduct business in the State of Washington.

3.      Upon information and belief, defendant Matt Godden is an individual residing in King County, Washington.

4.      Upon information and belief, defendant Harley Franco ("Franco") is an individual residing in King County, Washington.

5.      Upon information and belief, defendant HMS Partners, LLC ("HMS Partners") is a Washington Limited Liability Company, with its principal place of business in Washington. Upon information and belief, Franco is the sole member of HMS Partners.

## III.  JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1), 2201, and 2202.  There is complete diversity between the plaintiffs and the defendants, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2.      An actual controversy within the meaning of 28 U.S.C. §2201 exists between the parties regarding their respective rights, duties, and obligations under the policy issued by Atlantic Specialty.

3.      Venue is proper pursuant to 28 U.S.C §1391, because the defendants reside in this district, a substantial portion of the events giving rise to the claim at issue in this action occurred

Complaint for Declaratory Judgment – 2

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

3043951 / 734.0001

in this district, and the relevant insurance policies were issued in this district.

## IV.  GENERAL ALLEGATIONS

### A.    The Underlying Actions

1.      In 2018, Franco and HMS Partners filed the 2018 Action against Godden, and eight other defendants:  (1) Macquarie Capital (USA) Inc.; (2) Macquarie Marine Services, LLC; (3) MIHI, LLC; (4) Tobias Bachteler, an individual; (5) HMS Holdings 1, LLC; (6) HMS Holdings 2, LLC; (7) HMS Holdings 3, LLC US; and (8) Harley Marine Services, Inc. ("HMS").

2.      Franco and HMS Partners alleged in the Underlying Action that Franco is the founder and Chief Executive Officer of HMS, and that he is a member and the Chairman of HMS' Board of Directors.  Franco and HMS Partners further alleged that Godden is the Chief Operating Officer and interim CEO of HMS, and that Godden is a former member of HMS' Board of Directors.  In addition, Franco and HMS Partners alleged that Tobias Bachteler ("Bachteler") is the Co-Head Principal of the Transactions Group and a Managing Director of Macquarie Capital (USA) Inc., and that Bachteler is a member of HMS' Board of Directors.

3.      Franco and HMS Partners further alleged that Franco and Macquarie Marine Services, LLC and/or Macquarie Capital (USA) Inc. (together, "Macquarie") own HMS through three holding companies:  HMS Holdings 1, LLC ("HMS Holdings 1"), HMS Holdings 2, LLC ("HMS Holdings 2"), and HMS Holdings 3, LLC US ("HMS Holdings 3").  In addition, Franco and HMS Partners alleged that Franco holds ownership of HMS Holdings 3 through HMS Partners.  Furthermore, Franco and HMS Partners alleged that MIHI, LLC is a financial advisor to HMS.  Franco allegedly holds majority ownership of HMS through the various holding companies.

4.      Furthermore, Franco and HMS Partners alleged that, in or around 2015, Macquarie improperly provided a high interest rate loan to HMS (the "PIK Loan"), and that Macquarie did

Complaint for Declaratory Judgment – 3

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

3043951 / 734.0001

1  not fulfill its promise refinance the PIK Loan at a lower rate of interest.

2        5.    Franco and HMS Partners further alleged that, between approximately 2008 and

3  mid-November 2018, HMS' Board of Directors was comprised of four individuals:  two members

4  selected by Franco, one member was selected by Macquarie (Bachteler), and one independent

5  member (Godden).  Franco and HMS Partners alleged that Godden was not in fact independent,

6  and instead, served the interests of Macquarie.  In mid-November 2018, Godden allegedly resigned

7  as a board member.

8        6.    In addition, Franco and HMS Partners alleged that Franco refused to approve

9  Macquarie's requests to sell HMS or make an initial public offering of HMS' stock.  As a result,

10  according to Franco and HMS Partners, in or around July 2018, Godden and Bachteler held a

11  purported meeting of the Board or Directors and voted to replace Franco with Godden as CEO of

12  HMS.  Franco and HMS Partners contend that this meeting was in violation of certain "written

13  documents and applicable law."  Godden then allegedly cut-off Franco's email and phone access

14  at HMS, which allegedly caused damage, personal embarrassment, and emotional distress to

15  Franco, and additional damage to HMS.

16        7.    Franco and HMS Partners alleged that the Godden and Bachteler based their

17  decision to replace Franco on a forensic accounting created on behalf of Macquarie.

18        8.    In addition, Franco and HMS Partners alleged that the Godden's actions interfered

19  with the sale and construction of boats owned and/or being built by third parties in which Franco

20  has a majority interest.

21        9.    Franco and HMS Partners alleged six causes of action against Godden in the 2018

22  Action.

23        10.    In their "First Cause of Action" for Breach of Fiduciary Duty, Franco and HMS

Complaint for Declaratory Judgment – 4

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

3043951 / 734.0001

Partners alleged that Godden breached his fiduciary duties to them, by engaging in acts of self-dealing, and by putting Godden's own financial interests above the interests of Franco and HMS Partners.  Specifically, Godden allegedly disseminated false allegations of embezzlement against Franco, attempted to oust Franco from his position as President and CEO, effected a transaction with HMS on the PIK Loan, and failed to vote to allow HMS to hire lawyers to defend an action to foreclose on the PIK Loan.

11.    In their "Second Cause of Action" for Breach of Contract, Franco and HMS Partners alleged that Godden, by improperly attempting to oust Franco from his position as CEO and President of HMS, breached:  (a) the LLC agreements of HMS Holdings 1, HMS Holdings 2, and HMS Holdings 3; and (b) the HMS Bylaws.

12.    In their "Third Cause of Action" for Interference with Contractual Relations, Franco and HMS Partners alleged that Godden wrongfully and tortiously interfered with business and existing contractual relationships, including but not limited to, Franco's employment contract with HMS.

13.    In their "Fourth Cause of Action" for Intentional Infliction of Emotional Distress, Franco and HMS Partners alleged that Godden intentionally and/or recklessly inflicted emotional distress on Franco by engaging in extreme and outrageous conduct.

14.    In their "Fifth Cause of Action" for Defamation, Franco and HMS Partners alleged that Godden made false and defamatory statements and communications about Franco, including but not limited to, statements and communications that Franco embezzled from HMS.

15.    In their "Sixth Cause of Action" for Declaratory Judgment, Franco and HMS Partners sought a judicial declaration that:  (a) Macquarie is irrevocably conflicted, because it has an improper self-interest in forcing a sale of HMS; (b) Bachteler is irrevocably conflicted, and

Complaint for Declaratory Judgment – 5

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

3043951 / 734.0001

cannot vote on any matters relating to Franco's role at HMS (and its holding companies); and (c) because of conflicts of interest, any and all corporate governance actions and changes, including but not limited to, the replacement of Franco as CEO, must be approved by a majority of the equity holders of HMS (and its holding companies).

**B.** **The Policy Issued by Atlantic Specialty and Tender by Godden**

16.     Atlantic Specialty issued the following Private Company Management Liability Policy to HMS Holdings 3 LLC:  Policy No. MML-09899-18 (02/20/18 – 02/20/19) (the "Policy"). The Policy contains a Directors, Officers & Organization Liability ("D&O") coverage section and an Employment Practices Liability ("EPL") coverage section, among others.

17.     The Policy contains an endorsement, which provides in part:

ADDITIONAL ORGANIZATION ENDORSEMENT

In consideration of the premium charged, the term "Organization," as defined in Section II DEFINITIONS of the General Terms and Conditions Section, is amended to include the following entity(ies):

HMS Holdings 2 LLC

HMS Holdings 1 LLC

Harley Marine Services Inc. . . . .

18.     The D&O coverage section of the Policy provides in part:

I.     INSURING AGREEMENTS

(A)     Insured Person Non-Indemnified Loss Coverage:

The Underwriter will pay, on behalf of an Insured Person, Loss for which an Insured Person is not indemnified by the Organization from any Insured Person Claim first made against an Insured Person during the Policy Period or applicable Extended Reporting Period for a Wrongful Act . . . .

VI.     DEFENSE AND SETTLEMENT

Complaint for Declaratory Judgment – 6

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE ● SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 ● (206) 689-8501 FAX

3043951 / 734.0001

(A)     The Underwriter will have the right and duty to defend any Claim covered under this Coverage Section through counsel of its choice, even if the allegations of such Claim are groundless, false, or fraudulent; provided, that the Underwriter's obligation to defend any Claim covered under this Coverage Section is subject to the applicable Retention and the Underwriter's applicable Limits of Liability stated in ITEM 4 of the Declarations . . . .

(C)     The Underwriter will have no obligation to pay Loss, or to defend or continue to defend any Claim, after the Underwriter's applicable Limits of Liability have been exhausted by the payment of Loss.

19.     The D&O coverage section of the Policy contains exclusions to coverage, including the following:

III.    EXCLUSIONS

(A)     This Coverage Section does not apply to, and no coverage will be available under this Coverage Section for, Loss from any Claim: . . . .

(3)     brought by or on behalf of the Organization or any Insured Person;

provided, that this EXCLUSION (A)(3) shall not apply to: …

(h)     any Claim brought or maintained as a result of the solicitation, assistance, active participation or intervention of an Insured Person where such solicitation, assistance, active participation or intervention is protected under 18 U.S.C. 1514A ("whistleblower" protection provided under the Sarbanes-Oxley Act of 2002) or any similar "whistleblower" protection provision of any federal, state or local statute, ordinance, regulation or common law . . . .

Complaint for Declaratory Judgment – 7

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE ● SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 ● (206) 689-8501 FAX

3043951 / 734.0001

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

(7)    based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any actual or alleged bodily injury (other than mental anguish or emotional distress), sickness, disease or death of any person, libel, slander, defamation of character, invasion of privacy or damage to or destruction of any tangible property including loss of use thereof whether or not it is damaged or destroyed . . . .

(11)   made against any Insured based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving:

(a)    such Insured having gained any profit, remuneration or advantage to which such Insured is not legally entitled; or

(b)    the committing of any deliberately fraudulent or dishonest act or omission, or any willful violation of any statute, rule or law, by such Insured;

provided, that this EXCLUSION (A)(11) shall not apply unless the gaining by such Insured of such profit, remuneration or advantage to which such Insured is not legally entitled, or the deliberately fraudulent or dishonest act or omission or willful violation of statute, rule or law, has been established by a final adjudication in any judicial or administrative proceeding other than an action or proceeding commenced by the Underwriter to determine coverage under this Policy . . . .

(16)   for any employment-related Wrongful Act . . . .

20.    The D&O coverage section of the Policy contains provisions relating to allocation

Complaint for Declaratory Judgment – 8

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

3043951 / 734.0001

and other insurance, including the following:

VII.     ALLOCATION

If both Loss covered by this Coverage Section and loss not covered by this Coverage Section are incurred, either because a Claim made against the Insureds includes both covered and uncovered matters, or because a Claim is made against both Insureds and others not included within the definition of "Insured" set forth in DEFINITION (E) above, then such covered Loss and uncovered loss shall be allocated as follows:

(A)     one hundred percent (100%) of Defense Expenses incurred by the Insureds in connection with such Claim shall be allocated to covered Loss; and

(B)     all loss, other than Defense Expenses, incurred by the Insureds in connection with such Claim shall be allocated between covered Loss and uncovered loss based upon the relative legal and financial exposures of, and relative benefits obtained in connection with the defense and/or settlement of the Claim by the Insured Persons, the Organization and others. In making such a determination, the Organization, the Insured Persons and the Underwriter agree to use their best efforts to determine a fair and proper allocation of all such amounts. In the event that the Underwriter and the Insureds do not reach an agreement with respect to an allocation, then the Underwriter shall be obligated to make an interim payment of the amount of Loss which the parties agree is not in dispute until a final amount is agreed upon or determined pursuant to the provisions of this Policy and applicable law . . . .

IX.     OTHER INSURANCE

This Coverage Section is specifically excess of and will not contribute with:

(A)     any other valid and collectible insurance available to any Insured, including but not limited to any insurance under which there is a duty to defend, unless such other insurance is written specifically in

Complaint for Declaratory Judgment – 9

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE ● SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 ● (206) 689-8501 FAX

3043951 / 734.0001

excess of this Policy; or

    (B)    any indemnification to which any Insured Person is entitled from any entity other than the Organization.

21.    The D&O and EPL coverage sections of the Policy contain a $5 million shared limit of liability, and a shared $5 million aggregate limit.

22.    The D&O coverage section of the Policy contains an Additional Limit for Executives Endorsement, which provides:

    (1)    Subject to paragraphs (2) and (3) below, an "Additional Limit for Executives" will be available under the Coverage Section identified above in an amount not to exceed $1,000,000 in the aggregate, which amount shall be in addition to, and not part of, the Policy Aggregate Limit of Liability or any Separate Limit of Liability or Shared Limit of Liability applicable to the Coverage Section identified above.

    (2)    The "Additional Limit for Executives" is available solely for Loss resulting from any Claim made against any Executive covered under Insuring Agreement (A) of the Coverage Section identified above.

    (3)    The "Additional Limit for Executives" shall be excess of any insurance available that is specifically excess to this Policy and such excess insurance must be completely exhausted by payment of loss, damages or defense expenses thereunder before the Underwriter shall have any obligation to make any payment on account of the "Additional Limit of Liability for Executives." All other terms, conditions and limitations of this Policy shall remain unchanged.

23.    Form No. MPF-30001-09-10, which is applicable to D&O coverage section and the EPL coverage section of the Policy, contains provisions relating to limits of liability and retentions, including the following:

    III.    LIMITS OF LIABILITY

    (A)    With respect to the Liability Coverage Sections, the

Complaint for Declaratory Judgment – 10

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

following shall apply:

(1)  Policy Aggregate Limit of Liability

The Policy Aggregate Limit of Liability stated in ITEM 4 of the Declarations is the maximum limit of the Underwriter's liability for all Loss under all Liability Coverage Sections combined resulting from all Claims or Related Claims for which such Liability Coverage Sections provide coverage . . . .

(3)  Shared Limits of Liability

If a Shared Limit of Liability is stated in ITEM 4 of the Declarations for any Liability Coverage Sections, then such Shared Limit of Liability shall be the maximum limit of the Underwriter's liability for all Loss under all Liability Coverage Sections to which such Shared Limit of Liability is applicable, as indicated in ITEM 4 of the Declarations, resulting from all Claims or Related Claims for which such Liability Coverage Sections provide coverage. Any such Shared Limit of Liability shall be part of, and not in addition to, the Policy Aggregate Limit of Liability stated in ITEM 4 of the Declarations and shall in no way serve to increase such Policy Aggregate Limit of Liability.

(4)  Defense Expenses are part of and not in addition to the applicable Limits of Liability stated in ITEM 4 of the Declarations, and payment of Defense Expenses by the Underwriter will reduce, and may exhaust, such applicable Limits of Liability.

IV.  RETENTIONS

…

(B)  In the event a Claim is covered under more than one Liability Coverage Section, then the following shall apply:

Complaint for Declaratory Judgment – 11

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

3043951 / 734.0001

(1)     with regard to Loss resulting from any such Claim payable under any Liability Coverage Section which is subject to a Separate Limit of Liability, the Retention applicable to such Loss, as stated in ITEM 5 of the Declarations, shall apply separately to such Loss, and such Retention shall not be reduced by payments of Loss under any other Liability Coverage Section; and

(2)     with regard to Loss resulting from any such Claim payable under any Liability Coverage Sections which are subject to a Shared Limit of Liability, the highest applicable Retention, as stated in ITEM 5 of the Declarations, shall be deemed the Retention applicable to such Loss.

24.     Form No. MPF-30001-09-10, which is applicable to D&O coverage section and EPL coverage section of the Policy contains definitions, including the following:

II.     DEFINITIONS . . . .

(B)     "Claim" shall have the meaning set forth in the applicable Liability Coverage Section . . . .

(F)     "Insured" shall have the meaning set forth in the applicable Coverage Section.

(G)     "Insured Person" shall have the meaning set forth in the applicable Liability Coverage Section.

(H)     "Liability Coverage Section" means the Directors, Officers and Organization Liability, Employment Practices Liability and Fiduciary Liability Coverage Sections of this Policy, if purchased as stated in ITEM 3 of the Declarations.

(I)     "Loss" shall have the meaning set forth in the applicable Liability Coverage Section . . . .

(K)     "Named Organization" means the entity designated as such in ITEM 1 of the Declarations . . . .

Complaint for Declaratory Judgment – 12

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

3043951 / 734.0001

(M)  "Organization" means the Named Organization and, subject to the provisions of Section IX of these General Terms and Conditions, any Subsidiary. Organization shall also mean any such entity as a debtor in possession . . . .

(O)  "Policy Aggregate Limit of Liability" means the Policy Aggregate Limit of Liability stated in ITEM 4 of the Declarations . . . .

(S)  "Shared Limit of Liability" means the applicable Shared Limit of Liability, if any, stated in ITEM 4 of the Declarations, which limit of liability shall be shared between all Liability Coverage Sections listed below such Shared Limit of Liability in the Declarations . . . .

(U)  "Wrongful Act" shall have the meaning set forth in the applicable Liability Coverage Section.

25.  The D&O coverage section of the Policy contains additional definitions, including the following:

II.  DEFINITIONS

(A)  "Claim" means for purposes of coverage under:

(1)  Insuring Agreements (A) and (B) of this Coverage Section: any Insured Person Claim . . . .

(B)  "Defense Expenses" means reasonable costs, charges, fees (including but not limited to attorneys' fees and experts' fees) and expenses incurred in defending any Claim and the premium for appeal, attachment or similar bonds. Defense Expenses does not include any remuneration, salaries, wages, fees, overhead or benefit expenses of any Insured.

(C)  "Employee" means any employee of the Organization, whether such employee is in a supervisory, co-worker or subordinate position or otherwise, including any part-time, seasonal and temporary employee. Employee also includes:

Complaint for Declaratory Judgment – 13

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

3043951 / 734.0001

      (1)      any volunteer working for the Organization;

      (2)      any individual who is leased to, and working for, the Organization, but only if the Organization provides indemnification to such leased individual in the same manner as is provided to the Organization's employees; and

      (3)      any independent contractor working for the Organization, but only if the Organization provides indemnification to such independent contractor in the same manner as that provided to the Organization's employees.

(D)      "Executive" means any natural person who was, now is or becomes:

      (1)      a duly elected or appointed director, officer, trustee, trustee emeritus, executive director, member of the Board of Managers, duly constituted committee member, in-house general counsel or risk manager of any Organization chartered in the United States of America . . . .

(E)      "Insured" means the Organization and any Insured Person.

(F)      "Insured Person" means any natural person who was, now is or becomes:

      (1)      an Executive; or

      (2)      an Employee.

(G)      "Insured Person Claim" means:

      (1)      a written demand for monetary, non-monetary or injunctive relief (including any request to toll or waive any statute of limitations or request for mediation); or

      (2)      a civil, criminal, administrative, regulatory or

Complaint for Declaratory Judgment – 14

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

3043951 / 734.0001

arbitration proceeding for monetary, non-monetary or injunctive relief commenced by:

(a)     the service of a complaint or similar pleading . . . . against an Insured Person for a Wrongful Act . . . .

(I)     "Loss" means:

(1)     for purposes of coverage under Insuring Agreements (A), (B) and (C) of this Coverage Section, Defense Expenses and any monetary amount which an Insured is legally obligated to pay as a result of a covered Claim, including but not limited to:

(a)     monetary damages (including punitive or exemplary damages, to the extent such damages are insurable under the law of any jurisdiction which has a substantial relationship to the Insureds, this Policy or the Claim giving rise to such damages and which is most favorable to the insurability of such damages);

(b)     judgments;

(c)     settlements; and

(d)     pre- and post-judgment interest . . . .

Loss does not include:

(i)     any amount not insurable under the law pursuant to which this Coverage Section is construed, except as provided in paragraph (l)(a) above with respect to punitive or exemplary damages;

(ii)    civil or criminal fines or penalties or the multiple portion of any multiplied

Complaint for Declaratory Judgment – 15

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

3043951 / 734.0001

damage award, except as provided in paragraph (l)(a) above with respect to punitive or exemplary damages;

(iii) taxes or tax penalties (whether imposed by a federal, state, local or other governmental authority);

(iv) any costs incurred by the Organization to comply with any order for injunctive or other non-monetary relief, or to comply with an agreement to provide such relief; or

(v) any fees, profits, or other revenue lost, or any costs incurred, by an Insured in connection with the termination, suspension or limitation of such Insured's right to participate in any program of a federal, state or local governmental, regulatory or administrative agency.

. . .

(R) "Wrongful Act" means:

(1) any actual or alleged act, error, omission, misstatement, misleading statement or breach of duty by any Insured Person in his or her capacity as such, or any matter asserted against any Insured Person solely by reason of his or her status as such . . . .

26. The EPL coverage section in the Policy provides in part:

I. INSURING AGREEMENTS

(A) Employment Practices Liability Coverage:

Complaint for Declaratory Judgment – 16

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

3043951 / 734.0001

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

> The Underwriter shall pay, on behalf of the Insureds, Loss from any Employment Claim first made against the Insureds during the Policy Period or applicable Extended Reporting Period, for an Employment Practices Wrongful Act; provided, that such Employment Claim is reported to the Underwriter in accordance with Section VII of this Coverage Section . . . .

V.     DEFENSE AND SETTLEMENT

(A)    The Underwriter will have the right and duty to defend any Claim covered under this Coverage Section through counsel of its choice, even if the allegations of such Claim are groundless, false, or fraudulent; provided, that the Underwriter's obligation to defend any Claim covered under this Coverage Section is subject to the applicable Retention and the Underwriter's applicable Limits of Liability stated in ITEM 4 of the Declarations . . . .

(C)    The Underwriter will have no obligation to pay Loss, or to defend or continue to defend any Claim, after the Underwriter's applicable Limits of Liability have been exhausted by the payment of Loss.

27.     The EPL coverage section of the Policy contains exclusions, including the following:

III.    EXCLUSIONS

…

(B)    This Coverage Section does not apply to, and no coverage will be available under this Coverage Section for, that part of Loss, other than Defense Expenses: . . . .

(1)    which constitutes Benefits due or to become due or the equivalent value of such Benefits; provided, that this EXCLUSION (B)(1) shall not apply to any Employment Claim for Wrongful Termination . . . .

Complaint for Declaratory Judgment – 17

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

1

      (3)     which constitutes costs of compliance with any order for, grant of or agreement to provide non-monetary relief.

2

3

      (C)    This Coverage Section does not apply to, and no coverage will be available under this Coverage Section for, Loss, other than Defense Expenses, from any Claim for any actual or alleged breach of any written employment contract; provided, that this EXCLUSION (C) shall not apply to the extent that an Insured would have been liable in the absence of such written employment contract.

4

5

6

7

28.    The EPL coverage section of the Policy contains the following exclusion in

8

Endorsement MPE-34007-02-11:

9

In consideration of the premium charged:

10

(1)    Section III EXCLUSIONS (A)(4) of the Coverage Section identified above is deleted in its entirety.

11

12

(2)    Subject to paragraph (3) below, no coverage will be available under the Coverage Section identified above for **Loss,** other than **Defense Expenses,** from any **Claim** for any actual or alleged violation of the responsibilities, duties or obligations imposed under any federal, state or local wage and hour law, including, without limitation, the Fair Labor Standards Act (except the Equal Pay Act); provided, that this Exclusion shall not apply to any **Employment Claim** for **Retaliation.**

13

14

15

16

17

[***]

18

29.    The EPL coverage section of the Policy contains provisions relating to allocation,

19

including the following:

20

VI.    ALLOCATION

21

If both Loss covered by this Coverage Section and loss not covered by this Coverage Section are incurred, either because a Claim made against the Insureds includes both covered and uncovered matters, or because a Claim is made against both Insureds and others not included within the

22

23

Complaint for Declaratory Judgment – 18

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

3043951 / 734.0001

definition of "Insured" set forth in DEFINITION (M) above, then such covered Loss and uncovered loss shall be allocated as follows:

(A)     one hundred percent (100%) of Defense Expenses incurred by the Insureds in connection with such Claim shall be allocated to covered Loss; and

(B)     all loss, other than Defense Expenses, incurred by the Insureds in connection with such Claim shall be allocated between covered Loss and uncovered loss based upon the relative legal and financial exposures of, and relative benefits obtained in connection with the defense and/or settlement of the Claim by the Insured Persons, the Organization and others. In making such a determination, the Organization, the Insured Persons and the Underwriter agree to use their best efforts to determine a fair and proper allocation of all such amounts. In the event that the Underwriter and the Insureds do not reach an agreement with respect to an allocation, then the Underwriter shall be obligated to make an interim payment of the amount of Loss which the parties agree is not in dispute until a final amount is agreed upon or determined pursuant to the provisions of this Policy and applicable law . . . .

30.     The EPL coverage section of the Policy is subject a retention of $100,000 each Employment Claim.  The EPL coverage section of the Policy contains the following terms relating to retentions:

IV.     RETENTIONS

The Underwriter's obligation to pay Loss under this Coverage Section shall only be in excess of the applicable Retention stated in ITEM 5 of the Declarations. Such Retention shall only be eroded (or exhausted) by the Insured 's payment of Loss otherwise covered under this Coverage Section, and shall be borne by the Insureds uninsured and at their own risk. The Underwriter shall have no obligation whatsoever, either to the Insureds or any other person or entity, to pay all or any portion of the applicable Retention on behalf of any Insured. The Underwriter shall, however, at

Complaint for Declaratory Judgment – 19

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

3043951 / 734.0001

its sole discretion, have the right and option to do so, in which event the Insureds will repay the Underwriter any amounts so paid . . . .

31.   The EPL coverage section of the Policy contains definitions, including the following:

II.   DEFINITIONS

(A)   "Benefits" means perquisites, fringe benefits, deferred compensation or payments (including insurance premiums) in connection with an employee benefit plan and any other payment to or for the benefit of an employee arising out of the employment relationship. Benefits shall not include salary, wages, Stock Benefits, commissions, or non-deferred cash incentive compensation.

(B)   "Breach of Employment Contract" means any breach of any oral, written or implied employment contract or employment contractual obligation, including but not limited to any contract or contractual obligation arising out of any personnel manual, employee handbook, policy statement or other representation.

(C)   "Claim" means any Employment Claim . . . .

(D)   "Defense Expenses" means reasonable costs, charges, fees (including but not limited to attorneys' fees and experts' fees) and expenses incurred in defending any Claim and the premium for appeal, attachment or similar bonds. Defense Expenses does not include any remuneration, salaries, wages, fees, overhead or benefit expenses of any Insured.

(E)   "Employee" means any employee of the Organization, whether such employee is in a supervisory, co-worker or subordinate position or otherwise, including any part-time, seasonal and temporary employee.  Employee also includes:

(1)   any volunteer working for the Organization;

(2)   any individual who is leased to, and working

Complaint for Declaratory Judgment – 20

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

3043951 / 734.0001

for, the Organization, but only if the Organization provides indemnification to such leased individual in the same manner as is provided to the Organization's employees; and

 (3) any Independent Contractor, but only if the Organization provides indemnification to such Independent Contractor in the same manner as that provided to the Organization's employees.

(F) "Employment Claim" means:

 (1) a written demand for monetary, non-monetary or injunctive relief (including any request to toll or waive any statute of limitations);

 (2) a civil, criminal or arbitration proceeding for monetary, non-monetary or injunctive relief commenced by:

  (a) the service of a complaint or similar pleading . . . .

brought by or on behalf of any past, present or prospective Employee against an Insured . . . for an Employment Practices Wrongful Act . . . .

(G) "Employment Discrimination" means any violation of employment discrimination laws, including any failure or refusal to hire or promote an Employee, Outside Entity Employee or applicant for employment, any modification of any term or condition of employment, or any limitation, segregation or classification of any Employee, Outside Entity Employee or applicant for employment in any way that would deprive or tend to deprive such person of employment opportunities or otherwise affect his or her status as an Employee or Outside Entity Employee because of such person's race, color, religion, age, sex, national origin, disability, pregnancy, HIV status, mental status,

Complaint for Declaratory Judgment – 21

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

3043951 / 734.0001

genetic information, marital or family status, sexual orientation or preference, military or veteran status, or other status that is protected pursuant to any applicable federal, state or local statute, ordinance, regulation or common law.

(H)   "Employment Harassment" means:

(1)   sexual harassment, including any unwelcome sexual advances, requests for sexual favors, or other conduct of a sexual nature that is made a condition of employment with, is used as a basis for employment decisions by, interferes with performance at, or creates an intimidating, hostile or offensive working environment within, the Organization or Outside Entity; or

(2)   workplace harassment (i.e., harassment of a non-sexual nature) that interferes with performance at, or creates an intimidating, hostile or offensive working environment within, the Organization or Outside Entity.

(I)   "Employment Practices Wrongful Act" means any actual or alleged:

(1)   Breach of Employment Contract;

(2)   Employment Discrimination;

(3)   Employment Harassment;

(4)   Retaliation;

(5)   Workplace Tort;

(6)   Wrongful Employment Decision; or

(7)   Wrongful Termination.

(J)   "Executive" means any natural person who was, now is or becomes: (1) a duly elected or appointed director, officer, trustee, trustee emeritus, executive director, member of the Board of Managers, duly

Complaint for Declaratory Judgment – 22

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

1
2

constituted committee member, in-house general counsel or risk manager of any Organization chartered in the United States of America; or

3
4

(K)     "Independent Contractor" means any natural person working for the Organization in the capacity of an independent contractor pursuant to an Independent Contractor Services Agreement.

5
6

(L)     "Independent Contractor Services Agreement" means any express contract or agreement between an Independent Contractor and the Organization.

7
8

(M)     "Insured" means the Organization and any Insured Person.

9

(N)     "Insured Person" means any natural person who was, now is or becomes:

10
11

(1)     an Executive; or

12

(2)     an Employee.

13
14
15
16
17
18
19
20
21

(O)     "Loss" means Defense Expenses and any monetary amount which an Insure is legally obligated to pay as a result of a covered Claim, including but not limited to, damages (including punitive and exemplary damages, liquidated damages awarded pursuant to the Age Discrimination in Employment Act or the Equal Pay Act, or the multiple portion of any multiplied damage award, to the extent such punitive, exemplary, liquidated or multiple damages are insurable under the law of any jurisdiction which has a substantial relationship to the Insureds, this Policy or the Claim giving rise to such damages and which is most favorable to the insurability of such damages), back pay, front pay, claimant's attorney's fees awarded by a court against an Insured or agreed to in writing by the Underwriter in connection with a settlement, judgments, settlements, pre-judgment interest and post-judgment interest.

22

Loss does not include:

23

(1)     the future salary, wages, commissions or

Complaint for Declaratory Judgment – 23

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE ● SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 ● (206) 689-8501 FAX

3043951 / 734.0001

Benefits of a claimant who has been or shall be hired, promoted or reinstated to employment pursuant to a settlement of, order in or other resolution of any Claim;

(2)     taxes, fines, or penalties, except as provided above with respect to punitive, exemplary or liquidated damages or the multiple portion of any multiplied damage award;

(3)     Stock Benefits;

(4)     any amount not insurable under the law pursuant to which this Coverage Section is construed, except as provided above with respect to punitive, exemplary or liquidated damages or the multiple portion of any multiplied damage award; or

(5)     any salary, wages, commissions, Benefits or other monetary payments which constitute severance payments or payments pursuant to a notice period.

(T)     "Retaliation" means retaliatory treatment against any Employee or Outside Entity Employee on account of such individual:

(1)     exercising his or her rights under law;

(2)     refusing to violate any law;

(3)     opposing any unlawful practice;

(4)     disclosing or threatening to disclose to a superior or to any governmental agency any alleged violations of law; or

(5)     having assisted or testified in or cooperated with a proceeding or investigation regarding alleged violations of law by any Insured.

(U)     "Stock Benefits" means any offering, plan or agreement between the Organization and any Executive or Employee which grants stock or stock

Complaint for Declaratory Judgment – 24

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

3043951 / 734.0001

options or stock appreciation rights as to the Organization to such individual, including but not limited to stock options, restricted stock or any other stock grant, but not including employee stock ownership plans or employee stock purchase plans.

(Z)     "Workplace Tort" means:

(1)     any employment-related: defamation, libel, slander, humiliation, invasion of privacy, negligent evaluation or wrongful discipline; or

(2)     any of the following:

(a)     employment-related negligent retention;

(b)     employment-related negligent supervision;

(c)     employment-related negligent hiring;

(d)     employment-related negligent training;

(e)     employment-related negligent or intentional misrepresentation;

(f)     employment-related wrongful infliction of emotional distress, mental anguish or humiliation; or

(g)     failure to provide or consistently enforce employment-related corporate policies and procedures;

but only when alleged as part of an Employment Claim for any actual or alleged Breach of Employment Contract, Employment Discrimination, Employment Harassment, Retaliation, Wrongful Termination, Wrongful Employment Decision or act set forth in paragraph (1) above.

Complaint for Declaratory Judgment – 25

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

3043951 / 734.0001

1

2

        (AA)   "Wrongful Act" means:

3

              (1)     with respect to any past, present or prospective Employee, an Employment Practices Wrongful Act committed or allegedly committed by the Organization or by any Insured Person in his or her capacity as such . . . .

4

5

6

        (BB)   "Wrongful Employment Decision" means any wrongful demotion, denial of tenure or failure or refusal to promote.

7

8

        (CC)   "Wrongful Termination" means any wrongful termination, dismissal, or discharge of employment, including constructive termination, dismissal or discharge. Wrongful Termination does not include Breach of Employment Contract.

9

10

11      32.    On or around October 1, 2018, Godden tendered the 2018 Action to Atlantic

12 Specialty for defense and indemnity.

13      33.    On December 12, 2018, Atlantic Specialty agreed to defend Godden under the

14 Policy in the 2018 Action, subject to a reservation of rights.

15      34.    Atlantic Specialty reserved its rights to deny a duty to defend and to pay Loss, and

16 to have a Court determine that there is no duty to defend or pay Loss.

17      35.    Atlantic Specialty seeks a declaration in this action that it does not have a duty to

18 defend or indemnify the defendants in the 2018 Action.

19 **C.**    **The Excess Policy Issued by MAIC**

20      36.    MAIC issued to HMS Excess Management Liability Policy Number

21 MKLM5MXM000023 (the "Excess Policy"), with a Policy Period of 02/20/18 to 02/20/19, which

22 has a $5,000,000 Per Claim and Aggregate Limit of Liability, excess of $5,000,000, is excess to

23 (and follows form in pertinent part to) Atlantic Specialty's Policy.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

37.     MAIC seeks a declaration in this action that no coverage for the 2018 Action is available under the Excess Policy, and that MAIC would have no duty to defend or indemnify the defendants in the 2018 Action under the Excess Policy if Atlantic Specialty's Policy were exhausted.

## V.  CAUSE OF ACTION

**(Declaratory Judgment – No Duty to Continue Defense or Pay Loss)**

1.     Atlantic Specialty and MAIC reiterate and re-allege each and every allegation contained in the preceding paragraphs, as if fully set forth herein.

2.     There is an actual, substantial, and justiciable controversy between Atlantic Specialty on the one hand, and defendants on the other hand, concerning Atlantic Specialty's obligations under the Policy.

3.     Atlantic Specialty is entitled to a declaratory judgment that it has no duty to defend the defendants, and no duty to pay Loss to or on behalf of the defendants, under the D&O coverage section of the Policy in relation to the claims in the 2018 Action, including without limitation, for the following reasons:

a.     No coverage exists under the D&O coverage part of the Policy for the claims in the 2018 Action based on application of Exclusion III.A.(3)(h) of the Policy, the insured versus insured exclusion, where the suits were brought by Franco, an insured under the Policy, and the exceptions to the exclusion do not apply;

b.     No coverage exists under the D&O coverage part for the claims of defamation in the 2018 Action based on the application of Exclusion III.A.(7) to the Policy. Exclusion III.(A)(7) to the Policy eliminates a duty to defend and pay Loss in relation to

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

the claims in the Underlying Action based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving libel, slander, and/or defamation of character;

c.      In the 2018 Action, Franco and HMS Partners have not alleged that Godden is required to pay Loss as defined under the Policy;

d.      Exclusion III. (A)(16) of the Policy eliminates any duty to pay Loss in relation to the claims in the 2018 Action for any employment-related Wrongful Act, such as the claims in the "First Cause of Action" for Breach of Fiduciary Duty, "Second Cause of Action" for Breach of Contract, "Third Cause of Action" for Interference with Contractual Relations, and "Fourth Cause of Action" for Intentional Infliction of Emotional Distress;

e.      The provisions of section VII. ALLOCATION limit or eliminate any duty to pay Loss;

f.      To the extent that there is any other valid and collectible insurance available to the defendants, the provisions of section IX. OTHER INSURANCE and the other insurance provisions in the Additional Limit for Executives Endorsement limit or eliminate any duty to defend or pay Loss; and,

g.      The provisions of section III. LIMITS OF LIABILITY and IV. RETENTIONS limit or eliminate any duty to defend and pay Loss to or on behalf of the defendant in relation to the claims in the 2018 Action.

4.      Atlantic Specialty is entitled to a declaratory judgment that it has no duty to defend the defendants, and pay Loss to or on behalf of defendants, under the EPL coverage section of the Policy in relation to certain claims in the 2018 Action, or at a minimum any obligation is limited

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

to defense only, for the following reasons:

      a.     No coverage exists under the Policy for the 2018 Action because Franco and HMS Partners have not alleged an "Employment Practices Wrongful Act" as defined under the Policy;

      b.     No coverage exists under the Policy for the 2018 Action because Franco and HMS Partners have not alleged that any defendant is required to pay Loss as defined under the Policy;

      c.     No coverage exists under the EPL coverage part of the Policy for the 2018 Action by application of Exclusion III.(B)(1) of the EPL coverage part of the Policy that limits or eliminates any duty to pay Loss, other than Defense Expenses, which constitutes Benefits due or to become due, or the equivalent value of such Benefits;

      d.     No coverage exists for the claims in the 2018 Action under the EPL coverage part of the Policy by application of Exclusion III.(B)(3) that limits any duty to pay Loss, other than Defense Expenses, which constitute costs of compliance with any order for, grant of or agreement to provide non-monetary relief;

      e.     No coverage exists for the claims in the 2018 Action under the EPL coverage part of the Policy by application of Exclusion III.(C) that limits or eliminates any duty to pay Loss, other than Defense Expenses, in relation to any Claim for any actual or alleged breach of any written employment contract, except to the extent that an insured would have been liable in the absence of such written employment contract;

      f.     The provisions of Section VI. ALLOCATION limit or eliminate any duty to pay Loss; and,

      g.     The provisions of section III. LIMITS OF LIABILITY and IV.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE ● SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 ● (206) 689-8501 FAX

1    RETENTIONS limit or eliminate any duty to defend or pay Loss.

2    5.    MAIC is entitled to a declaration in this action that no coverage for the 2018 Action

3    is available under the Excess Policy, and that MAIC would have no duty to defend or indemnify

4    the defendants in the 2018 Action under the Excess Policy if Atlantic Specialty's Policy were

5    exhausted.

6    ## VI.  <u>PRAYER FOR RELIEF</u>

7    WHEREFORE, Atlantic Specialty and MAIC pray for the following relief:

8    1.    A declaratory judgment that Atlantic Specialty has no duty to defend Godden in the

9    2018 Action, as set forth above.

10   2.    A declaratory judgment that Atlantic Specialty has no duty to pay Loss (including

11   Defense Expenses) to, or on behalf of, Godden in relation to the claims asserted in the Underlying

12   Action, as set forth above.

13   3.    A declaratory judgment that any obligation to defend Godden in the 2018 Action

14   ends once the Court holds that Atlantic Specialty has no duty to defend, and that Atlantic Specialty

15   is entitled to recover all defense costs, fees, and expenses that it paid to, or on behalf of, Godden,

16   to the extent permitted by the Policy and applicable law.

17   4.    A declaratory judgment that no coverage for the 2018 Action is available under the

18   Excess Policy, and that MAIC would have no duty to defend or indemnify the defendants in the

19   2018 Action under the Excess Policy if Atlantic Specialty's Policy were exhausted.

20   5.    For such further relief as the Court deems just, proper, and equitable.

21   //

22   //

23   //

Complaint for Declaratory Judgment – 30

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

3043951 / 734.0001

1  DATED this 13th day of September, 2021.

2                                FORSBERG & UMLAUF, P.S.

3                                *s/ Ryan J. Hesslegesser*
                                Ryan J. Hesselgesser, WSBA #40720

4
                                *s/ Sally A. Clements*
5                                Sally A. Clements, WSBA #54502
                                901 Fifth Ave., Suite 1400
6                                Seattle, WA  98164
                                Phone:  (206) 689-8500
7                                Email:  rhesselgesser@foum.law
                                Email:  sclements@foum.law
8                                Attorneys for Plaintiff Atlantic Specialty
                                Insurance Company
9

10                               WILSON SMITH COCHRAN DICKERSON

11                               *s/ John M. Silk*
                                John M. Silk, WSBA #15035

12                               *s/ Lisa C. Neal*
                                Lisa C. Neal, WSBA #25686
13                               901 Fifth Ave., Suite 1700
                                Seattle, WA  98164
14                               Phone:  (206) 623-4100
                                Email:  silk@wscd.com
15                               Email:  l.neal@wscd.com

16                               KAUFMAN BORGEEST & RYAN LLP

17                               *s/ Michael F. Perlis*
                                Michael F. Perlis, *Pro Hac Vice* Pending

18
                                *s/ Richard Johnson*
19                               Richard Johnson, *Pro Hac Vice* Pending
                                21700 Oxnard St., Suite 1450
20                               Woodland Hills, CA  91367
                                Phone:  (818) 880-0992
21                               Email:  mperlis@kbrlaw.com
                                Email:  rjohnson@kbrlaw.com
22                               Attorneys for Plaintiff Markel American
                                Insurance Company
23

Complaint for Declaratory Judgment – 31

3043951 / 734.0001